IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JASON JOSHUA JENSEN,                    )
                                        )
            Petitioner,                 )
                                        )
                                        )      CIV-07-848-M
v.                                      )
                                        )
MARTY SIRMONS, Warden,                  )
                                        )
            Respondent.                 )

## REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging the convictions for

Assault with a Dangerous Weapon and Unauthorized Use of a Vehicle, each after former

conviction of two or more felonies, and Possession of Firearms After Conviction or During

Probation entered in the District Court of Comanche County, Case No. CF-2004-563,

following a jury trial.  Respondent has responded to the Petition and filed the relevant state

court records, including the trial transcripts (hereinafter "TR___"). The matter has been

referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C.

§ 636(b)(1)(B).  For the following reasons, it is recommended that the Petition be denied.

I. Background

Petitioner was charged in an Amended Information filed in Case No. CF-2004-563

with the offenses described above.  In the first phase of a two-day jury trial, the jury returned

1

a verdict of guilty on the charges of Assault with a Dangerous Weapon and Unauthorized Use of a Vehicle.  In the second stage of the bifurcated trial, the jury found that Petitioner had committed the foregoing offenses after two previous felony convictions and that he was also guilty of the offense of Possession of a Firearm After Conviction or During Probation and he had committed this offense after former conviction of a felony.  The jury recommended punishment of life imprisonment for the assault conviction, a 70-year term of imprisonment for the felony firearm conviction, and a 35-year term of imprisonment for the unauthorized use of a vehicle conviction.  Petitioner was sentenced in accordance with the jury's recommendation, and Petitioner appealed the convictions.

In his direct appeal, Petitioner asserted that (1) there was insufficient evidence presented at the trial for the jury to have found him guilty of the assault charge and (2) the sentences he received for the convictions were excessive. Response, Ex. 1.  The Oklahoma Court of Criminal Appeals ("OCCA") issued a summary opinion on May 17, 2006, denying these claims and affirming Petitioner's convictions and sentences. Response, Ex. 3 (Jensen v. State, No. F-2005-419 (Okla. Crim. App. May 17, 2006)(unpublished op.)).

The trial court summarily denied Petitioner's subsequent application for post-conviction relief. Petitioner appealed this decision, asserting that he was denied effective assistance of trial counsel because his defense counsel did not adequately cross-examine a prosecution witness.  In connection with this claim, Petitioner urged that his appellate counsel provided ineffective assistance by failing to raise this Sixth Amendment issue in Petitioner's direct appeal. Response, Ex. 4.  The OCCA affirmed the district court's denial

of the post-conviction application, finding that Petitioner's allegation of ineffective assistance of trial counsel was procedurally barred from review due to Petitioner's failure to raise the claim in his direct appeal and that Petitioner's allegation of ineffective assistance of appellate counsel was procedurally barred from review due to Petitioner's failure to raise the claim in his post-conviction application. Response, Ex. 5.

II. Claims and Responses

Petitioner now timely seeks federal habeas review concerning his convictions in Case No. CF-2004-563.  In ground one of his Petition, Petitioner contends that the evidence was not sufficient to support his conviction for Assault with a Dangerous Weapon because the prosecution failed to prove the element of an intent to do bodily harm. In ground two, Petitioner contends that the sentences imposed upon him for his convictions in Case No. CF-2004-563 were excessive in light of "statistics from all 77 Okla. counties" and also "considering the factual evidence...." Petition, at 5.  In his third ground for habeas relief, Petitioner asserts that he was denied effective assistance of trial counsel based on his defense counsel's failure to call unidentified "defense witnesses" and the attorney's "witness questioning [which] fell far below the standard mandated by the U.S. Supreme Court." Petition, at 6.

Respondent has answered the Petition.  Respondent asserts that the OCCA's decision with respect to the issue raised in ground one was not contrary to or an unreasonable application of federal law, that the issue raised in ground two presents only a matter of state law not cognizable in this habeas proceeding, and that Petitioner's state court procedural

default of the claim raised in ground three bars federal habeas review of the same claim.

III. Standard of Review

With respect to a constitutional claim asserted in a 28 U.S.C. § 2254 petition by a state prisoner and rejected on its merits by a state appellate court, habeas relief may be awarded only if the state appellate court's adjudication of the same claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254 (d).  This standard, adopted as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), directs the focus of judicial review to the result of the state appellate court's decision, not its reasoning. Saiz v. Ortiz, 392 F.3d 1166, 1176 (10th Cir. 2004), cert. denied, 545 U.S. 1146 (2005).  Under this standard, federal courts reviewing habeas claims that have previously been resolved on the merits in state courts must apply a "level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)).  A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion opposite to that reached by the Supreme Court on a question of law or (2) decided an issue differently than the Supreme Court has on a set of materially indistinguishable facts. Id. at 405-406.  The "state court decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions."

Mitchell v. Esparza, 540 U.S. 12, 16 (2003)(*per curiam*).  "[A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Id. (quoting Early v. Packer, 537 U.S. 3, 8 (2002)(*per curiam*)).  A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner."  Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407.  See Price v. Vincent, 538 U.S. 634, 640-641 (2003).   With respect to the "unreasonable application" requirement, "it is the habeas applicant's burden to show that the state court applied [the Supreme Court case] to the facts of his case in an objectively unreasonable manner," not merely that the state court decision applied the Supreme Court case incorrectly. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)(*per curiam*).  "[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it."  Holland v. Jackson,   542 U.S. 649, 652 (2004)(*per curiam*)(citations omitted).  The AEDPA also mandates that factual findings made by a state trial or appellate court are presumptively correct and may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

IV. Sufficiency of the Evidence

Judicial review of Petitioner's habeas challenge to the sufficiency of the evidence presented at his trial "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." Herrera v. Collins, 506 U.S. 390, 402 (1993).  For habeas review, "the relevant question is

whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996)(quoting Jackson).   Both direct and circumstantial evidence is considered in determining whether evidence is sufficient to support a conviction. Lucero v. Kerby, 133 F.3d 1299, 1312 (10th Cir.), cert. denied, 523 U.S. 1110(1998).  In applying this standard, the Court "may not weigh conflicting evidence nor consider the credibility of witnesses," but must "'accept the jury's resolution of the evidence as long as it is within the bounds of reason.'" Messer, 74 F.3d at 1013 (quoting Grubbs v. Hannigan, 982 F.2d 1483, 1487(10th Cir. 1993)).

In this case, the sufficiency of the evidence inquiry is based on Oklahoma law which defines the substantive elements of the crime. Jackson, 443 U.S. at 309, 324 n.16. In Oklahoma, an assault is defined as "any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another." Okla. Stat. tit. 21, §641.   Assault, battery, or assault and battery with a dangerous weapon is committed in Oklahoma under circumstances in which a person "with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots at another, with any kind of firearm ... with intent to injure any person, although without the intent to kill such person or to commit any felony...." Okla. Stat. tit. 21, § 645. Petitioner was charged with committing an assault with a dangerous weapon upon Michael Porter by shooting at him with a pistol with

the intent to do him bodily harm. State Record, Case No. CF-2004-563, at 41 (Amended Information).

The OCCA rejected Petitioner's claim of insufficient evidence in Petitioner's direct appeal. With no explanation other than a citation to a previous OCCA decision, the OCCA found that the evidence was sufficient to sustain the assault conviction.

The prosecution's main witness, Lawton police officer Michael Porter, testified that he attempted to approach a stopped vehicle on a street in Lawton, Oklahoma, matching the description of a reportedly stolen vehicle, but that Petitioner, whom he identified as the vehicle's driver, drove away with Officer Porter in pursuit in his patrol car. TR 86-88. Officer Porter testified that Petitioner crashed the vehicle into a utility pole and then took off running with Officer Porter then in pursuit on foot. TR 89-91. Officer Porter closely pursued Petitioner and observed Petitioner reach into his right pocket and then heard gunfire, or what he believed to be two rounds, from a weapon. TR 92-94, 105-106. Officer Porter continued to chase Petitioner, and the officer then returned fire, shot Petitioner in the arm, and observed Petitioner fall down to the ground. TR 98-99. Officer Porter testified he asked Petitioner where the gun was and Petitioner stated it was "[b]ack there somewhere." TR 99. Another investigating officer testified that while Petitioner was still lying on the ground Petitioner stated to the officers that he had "thrown" the gun away and gestured toward a nearby church. TR 122-123.

After Petitioner was handcuffed and lifted by officers from the ground, the investigating officers discovered a .38 revolver lying under him. TR 116-117, 123.

According to investigating officers, there was one "spent round" of ammunition in the gun's chamber. TR 124, 127, 162-163.  Live rounds of ammunition that would fit the Petitioner's gun were discovered lying near Petitioner on the ground and on the street. TR 118, 154-155.  Also, three live rounds of ammunition were found in Petitioner's pockets following his transfer by ambulance to a local hospital. TR 112-113.  During a custodial interview, Petitioner admitted he fired the gun in the direction of the officer but denied any intent to harm the officer. TR 136.

Viewed in the light most favorable to the prosecution, the evidence presented at Petitioner's trial was more than sufficient for a rational jury to have found Petitioner guilty of the assault offense beyond a reasonable doubt.  Petitioner asserts that Office Porter testified that he did not see Petitioner turn toward him or see flashes from the gun pointed at him.  However, Officer Porter testified that while he was chasing Petitioner he saw Petitioner reach into a pocket and turn toward him prior to hearing the gunshots.  TR 94-95. Although Officer Porter testified that he did not see Petitioner stop and turn around to shoot at him or see Petitioner's gun during the chase (TR 105-106), the jury heard sufficient circumstantial evidence to determine that Petitioner had the necessary intent to harm Officer Porter, particularly in light of the evidence that the gun lying under Petitioner had a "spent" round of ammunition in the chamber and that Petitioner admitted firing the weapon during the chase.  The jury was instructed that it could have found Petitioner guilty of a lesser-included offense of willful discharge of a weapon, an offense that does not require evidence of an intent to do bodily harm. State Record, at 86. However, the jury found Petitioner guilty

of the greater offense.  Petitioner has not shown that the OCCA's rejection of this claim was contrary to or an unreasonable application of the prevailing <u>Jackson</u> standard, or that the OCCA's decision was based on an unreasonable determination of the facts in light of the evidence presented in the trial.

## V. <u>Excessive Sentences</u>

Petitioner contends that the sentences imposed upon him were constitutionally excessive.  However, Petitioner's sentences were within the statutory range of punishment for his habitual offender convictions. State Record, at 95-100.  The Supreme Court addressed the Eighth Amendment's cruel and unusual punishment clause in the context of a constitutional challenge to a sentence for a term of years in <u>Lockyer v. Andrade</u>, 538 U.S. 63 (2003), wherein the Court recognized its "precedents in this area have not been a model of clarity." <u>Id.</u> at 72.  Nevertheless, the Court noted that the governing legal principle in its previous Eighth Amendment jurisprudence was the "gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." <u>Id.</u> at 72-73.  This principle "gives legislatures broad discretion to fashion a sentence that fits within the scope of the proportionality principle...." <u>Id.</u> at 76.  Thus, "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case." <u>Id.</u> at 77.

In Petitioner's case, the OCCA found that the consecutive terms of imprisonment imposed for Petitioner's multiple convictions did not "shock [ ] the conscience of the Court." Response, Ex. 3, at 2.   No circumstances are presented which distinguish Petitioner's

sentences as an extraordinary case of disproportionality.  Petitioner had two prior convictions for similar offenses involving stolen vehicles.[1]  TR 231-232.  Petitioner faced possible punishment of a term of life imprisonment for each of the habitual offender convictions.  Okla. Stat. tit. 21, § 51.1(B).  The OCCA's decision was not contrary to, or an unreasonable application, of clearly established Supreme Court jurisprudence.  See id. (finding no unconstitutional disproportionality in sentences of two consecutive terms of 25 years to life imprisonment entered for convictions for stealing approximately $150 in videotapes).  Accordingly, Petitioner is not entitled to habeas relief.

VI. Ineffective Assistance of Counsel

As Petitioner's third and final ground for habeas relief, Petitioner contends that he was denied effective assistance of trial counsel.  In support of this claim, Petitioner asserts only that "[t]here were several instances [at] trial when appellant's [sic] [attorney] failed to call defense witnesses [and] his witness questioning fell far below the standard mandated by the U.S. Supreme Court." Petition, at 6.  Petitioner raised a similar claim of ineffective assistance of trial counsel in his post-conviction appeal. Response, Ex. 4. The OCCA did not consider the merits of Petitioner's Sixth Amendment claim and found that Petitioner had procedurally defaulted the claim by failing to raise it in his direct appeal from the convictions. Response, Ex. 5.

---

[1]There was evidence that Petitioner had a third prior felony conviction for Escape from a Penal Institution, although the jury was not instructed to consider this former conviction in determining Petitioner's punishment. Trial Transcript, Att., State's Exhibit 28.

On habeas review, federal courts will not review claims that have been defaulted in state courts on an independent and adequate state procedural ground, unless the petitioner demonstrates cause for the default and actual prejudice, or alternatively demonstrates a fundamental miscarriage of justice.  Bousley v. United States, 523 U.S. 614, 622 (1998); Sawyer v. Whitley, 505 U.S. 333, 338-339 (1992); Coleman v. Thompson, 501 U.S. 722, 750(1991); Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir. 1998).

"'A state court's finding is considered independent if it is separate and distinct from federal law.'" Klein v. Neal, 45 F.3d 1395, 1397 (10th Cir. 1995)(quoting Brecheen v. Reynolds, 41 F.3d 1343, 1353 (10th Cir. 1994), cert. denied, 515 U.S. 1135(1995)(internal quotations omitted)).  "'A state court's finding is deemed to be adequate if it is applied evenhandedly; that is, if it is strictly or regularly followed.'" Id.(quoting Brecheen, 41 F.3d at 1353)(internal quotations omitted).

Petitioner's state court procedural default of his Sixth Amendment claim also bars federal habeas review of the merits of this same claim if (1) the OCCA's application of its procedural bar rule was an independent and adequate basis for the appellate court's decision and (2) unless Petitioner demonstrates cause for the procedural default and actual prejudice or demonstrates that a fundamental miscarriage of justice will result from this Court's failure to review the merits of his procedurally-defaulted claim.

Respondent contends that the OCCA's refusal to review Petitioner's procedurally-defaulted Sixth Amendment claim in his post-conviction appeal was an independent and adequate state decision.  Generally, the OCCA's application of its well-established

procedural bar rule for claims not raised on direct appeal is both independent of federal law and an adequate state ground for the OCCA's decision.[2] See Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir.), cert. denied, 525 U.S. 933 (1998).  The OCCA's procedural rules barring Petitioner's ineffective assistance of counsel claim "are rooted solely in Oklahoma state law and are thus independent." Smallwood v. Gibson, 191 F.3d 1257, 1268 (10th Cir. 1999), cert. denied, 531 U.S. 833 (2000).  "Although the prosecution has the ultimate burden of proving the adequacy of a state procedural bar, '[o]nce the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden to place that defense in issue shifts to the petitioner.'" Id. (quoting Hooks v. Ward, 184 F.3d 1206 (10th Cir. 1999).

Petitioner has not challenged the adequacy of Oklahoma's procedural bar rules.  Thus, Petitioner has not satisfied his burden, and the state procedural rules are presumed to be adequate grounds for barring habeas review of the Sixth Amendment claim.  Moreover, Oklahoma's procedural bar rule has been found to be an adequate basis for resolving procedurally defaulted ineffective assistance of counsel claims where "trial and appellate counsel differ" and where "the ineffectiveness claim can be resolved upon the trial record alone." English v. Cody, 146 F.3d 1257, 1264 (10th Cir. 1998).  In this case, the record shows Petitioner had separate counsel for his direct appeal, and Petitioner has not alleged any facts

---

[2]The OCCA has held that the Oklahoma Post-Conviction Procedure Act, Okla. Stat. tit. 22, §§ 1080-1088,  precludes review of issues that could have been raised on direct appeal but were not and that post-conviction relief is warranted only for the rare circumstances in which a defaulted claim "could not have been raised on direct appeal." Johnson v. State, 823 P.2d 370, 372 (Okla. Crim. App. 1991), cert. denied, 504 U.S. 926 (1992).

beyond the record to support his ineffective assistance claim.[3]  Therefore, the OCCA's

decision is an adequate basis for its refusal to review the merits of his procedurally-defaulted

ineffective assistance of trial counsel claim.  Petitioner must consequently show cause and

prejudice or a fundamental miscarriage of justice to overcome his state court procedural

default.

Petitioner has not asserted cause for his procedural default. Petitioner merely concedes

that the claim was not raised in his direct appeal. Petition, at 6.   Although he asserted in his

post-conviction appeal that his appellate counsel provided ineffective assistance in failing

to raise the Sixth Amendment claim in his direct appeal, he has not urged this Court to

consider whether his appellate counsel's ineffective assistance should excuse his state court

procedural default.  Even if the Petition is construed to assert such a claim of cause, it is

unexhausted[4] and, despite nonexhaustion, without merit.[5]  In Murray v. Carrier, 477 U.S.

478,  488 (1986), the Supreme Court recognized that "[s]o long as a defendant is represented

by counsel whose performance is not constitutionally ineffective under the standard

established in Strickland v. Washington, [466 U.S. 668 (1984)], we discern no inequity in

---

[3]Petitioner relied entirely on the trial record to support his ineffective assistance of trial counsel claim presented in his post-conviction appeal to the OCCA.

[4]The OCCA refused to review Petitioner's claim of ineffective assistance of appellate counsel because the court found he had not raised this separate claim in his post-conviction application filed in the district court. Response, Ex. 5, at 2.  Petitioner has not provided evidence of his satisfaction of the exhaustion requirement with respect to a claim of ineffective assistance of appellate counsel.

[5]28 U.S.C. § 2254(b)(2) allows federal courts to deny a habeas petitioner's claims despite his failure to comply with the exhaustion requirement set forth in 28 U.S.C. § 2254(b)(1).

requiring him to bear the risk of attorney error that results in a procedural default.  Instead, we think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."

Petitioner has not overcome the presumption that his appellate counsel's assistance "falls within the wide range of reasonable professional assistance" for a criminal appellate attorney, in light of the claims competently asserted by counsel in Petitioner's direct appeal. See Strickland, 466 U.S. at 687-689 (convicted defendant complaining of ineffectiveness of counsel's assistance must show that counsel's representation "fell below an objective standard of reasonableness" and must overcome the presumption that, under the circumstances, the challenged action might be considered sound strategy).  There is no need to consider the issue of prejudice under these circumstances. Id. at 697 (holding it is not necessary to consider both components of the ineffective assistance inquiry "if the defendant makes an insufficient showing on one").

In addition, Petitioner has not supplemented his federal habeas claim with a colorable showing of his factual innocence, and he therefore cannot demonstrate that this Court's failure to review the merits of his ineffective assistance of trial counsel claim will result in a fundamental miscarriage of justice. See Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Hickman, 160 F.3d at 1275.  Because Petitioner  has failed to show cause and prejudice or a fundamental miscarriage of justice excusing his state court procedural default, the claim asserted in ground three of the Petition is procedurally barred from federal habeas review.

14

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___October 17th___ , 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___27th___ day of ___September___, 2007.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE